Gerald Allen JOHNSON, Petitioner–Appellant,

v.

Charles L. RYAN;[*] Janet Napolitano, Respondents–Appellees.

No. 01–17352.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2004.

Decided July 8, 2004.

---

2. There is no bond requirement for bringing claims under 42 U.S.C. § 1983.

[*] Charles L. Ryan is substituted for Terry L. Stewart. Fed. R.App. P. 34(c)(2).

Brick P. Storts, III, Esq., Barton & Storts, Tucson, AZ, for Petitioner–Appellant.

Karla Hotis Delord, Esq., AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before HUG, CANBY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Gerald Allen Johnson, an Arizona state prisoner, appeals the district court's judgment denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnson's habeas petition sought relief from two consecutive sentences, for 15 and 25 years, imposed after Johnson pled guilty to one count of attempted sexual conduct and one count of sexual conduct with a minor under the age of 14. Johnson's habeas petition alleged ineffective assistance of counsel and various federal constitutional violations, including claims that his guilty plea was involuntary because it was entered while he was under the influence of several medications. The district court denied the petition, and we affirm.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We have jurisdiction under 28 U.S.C.

■ The state court held that Johnson's non-jurisdictional claims that arose prior to his plea were waived by the guilty plea. That waiver ruling was not "contrary to, [n]or .. an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that a guilty plea precludes claims of constitutional violations prior to plea).

■ In addition, the district court correctly ruled that Johnson's direct constitutional challenges to his guilty plea were procedurally defaulted. Johnson did not raise any federal constitutional claims in his direct state appeal. He did not raise the issue of his competency to enter a plea until his state post-conviction proceedings, and then only in relation to his claim of ineffective assistance of counsel. His opportunity to raise those claims has passed under state law.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Johnson has shown no fundamental miscarriage of justice.

■ Johnson also has failed to demonstrate ineffective assistance of counsel, either as a constitutional violation in its own right, or to establish cause and prejudice for his defaults. To succeed on a claim of ineffective assistance of counsel, Johnson must establish both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He has not met that standard. The record clearly establishes that Johnson's plea was knowing and intelligent, and that his medication did not interfere with his understanding of the proceedings or his decision to plead. Accordingly, neither trial nor appellate counsel were deficient in failing to challenge the plea on that ground. Johnson has also failed to show prejudice; he has shown no defect of counsel giving rise to "a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

■ We have reviewed Johnson's other contentions and conclude that they, like the claims discussed above, do not meet the requirements for federal habeas corpus relief. The rulings made by the state courts on the merits were not contrary to or unreasonable applications of clearly established federal law, nor were they based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d); *see Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (explaining AEDPA's standard). Nor has Johnson shown any violations of federal law that had a substantial and injurious effect on the outcome of his plea proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S.

---

§ 1291. We review *de novo* a district court's decision to grant or deny a petition for a writ of habeas corpus. *See Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003).

750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

AFFIRMED.